**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GREGORY WALKER,

       Petitioner-Appellant,

v.

ROBERT D. HANNIGAN, Warden,
Hutchinson Correctional Facility;
ATTORNEY GENERAL OF
KANSAS,

       Respondents-Appellees.

No. 98-3338
(D.C. No. 96-CV-3212-DES)
(D. Kan.)

---

**ORDER AND JUDGMENT**   *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner seeks review of an order denying his petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. We earlier granted his motion for a certificate of probable cause under 28 U.S.C. § 2253 (1994), which governs appeals filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, and we now affirm.

In 1990, petitioner was convicted of multiple counts, including aggravated kidnaping, arson, assault, burglary, and criminal sodomy. On direct appeal, his conviction was affirmed by the Kansas Supreme Court. See State v. Walker, 843 P.2d 203 (Kan. 1992). He filed this habeas petition in 1996, alleging that he was denied his constitutional right to equal protection when the prosecution was allowed to peremptorily challenge a prospective juror; petitioner claims the juror was struck because of her race.

In Batson v. Kentucky, 476 U.S. 79, 88-89 (1986), the Supreme Court reaffirmed the principle that the Equal Protection Clause forbids the prosecutor from challenging potential jurors solely on the basis of race. Batson also established a three-step process for evaluating an objection to peremptory challenges.

-2-

First, a defendant must make a prima facie showing the prosecutor has exercised peremptory challenges on a racial basis. Second, the burden shifts to the prosecutor to articulate a race-neutral explanation for the challenge. Finally, the trial court must then determine if the defendant has established purposeful discrimination. See id. at 96-98. Once the prosecutor offers a race-neutral explanation for the peremptory challenge and the trial court rules on the ultimate issue of intentional discrimination, whether the defendant made a prima facie showing is moot. See Hernandez v. New York, 500 U.S. 352, 359 (1991). The trial court's decision on the ultimate question of discriminatory intent is "a finding of fact of the sort accorded great deference on appeal." Id. at 364.

In this case, petitioner, who is black, challenged the State's removal of the only black juror on the venire panel. At that point the prosecutor was afforded the opportunity to respond to the challenge.

The reasons the prosecutor gave for striking the juror, Donna Williams, were that she was "somewhat youthful" and that the state was looking for jurors of "a more mature age." The State was also seeking stability in marital history (Ms. Williams was divorced). See Walker, 843 P.2d at 209. The trial court held that the prosecutor had articulated reasons (stability in marital status and lack of maturity in life experiences) which amounted to a nonracial, nondiscriminatory purpose for exercising the peremptory challenge. On direct appeal, the Kansas

Supreme Court thoroughly considered petitioner's Batson argument and concluded the trial court had not abused its discretion in denying petitioner's motion for a mistrial. See Walker. 843 P.2d at 207-10. [1]

Whether the prosecutor's explanation is facially neutral is subject to de novo review. Whether defendant has established that the prosecutor intended to discriminate is subject to the clearly erroneous standard. See United States v. Sneed, 34 F.3d 1570, 1580 (10th Cir. 1994).

In his petition for writ of habeas corpus, petitioner raised the same issue, i.e., that the prosecutor improperly challenged a juror on the basis of her race. In particular, he argues that the step two determination, i.e., the prosecutor's race-neutral reason for exercising the peremptory challenge, is flawed because other, nonstruck jurors shared the same characteristics as those relied on by the prosecutor to remove Ms. Williams. Petitioner claimed that three jurors who were not challenged had characteristics identical to those of Ms. Williams. The state supreme court found that the record was insufficient on which to base a comparison of the ages and marital histories of two of the three nonstruck jurors (Mr. Standley and Ms. Mitzel) with that of Ms. Williams. See State v. Walker, 843 P.2d at 210.

---

[1] The court also noted that its conclusion would have been the same under a clear error standard. See Walker. 843 P.2d at 208.

At the stage at which the prosecutor must provide a race-neutral reason, Batson requires both a clear and reasonably specific explanation of the prosecutor's legitimate reasons for exercising a challenge. See Batson, 476 U.S. at 98 n.20. However, a legitimate reason is not one that makes sense, "but a reason that does not deny equal protection." Purkett v. Elem, 514 U.S. 765, 769 (1995). Moreover, "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Hernandez, 500 U.S. at 360.

Because the prosecutor's explanation was not inherently discriminatory, it was race-neutral. See United States v. Kunzman, 54 F.3d 1522, 1529 (10th Cir. 1995); see also United States v. Joe, 8 F.3d 1488, 1499 (10th Cir. 1993) (finding proffered reasons showing concern about jurors' life experience and maturity level sufficient for trial court to determine peremptory challenge not based on race); United State v. Williams, 934 F.2d 847, 849-50 (7th Cir. 1991) (finding no Batson violation in striking of young, single mother).

Having determined as legally sufficient that the prosecutor's explanation for the challenge was race neutral, we consider the ultimate issue of whether the trial court erred in determining there was no discriminatory intent underlying the peremptory challenge. This is a factual question, and the ultimate burden of

-5-

persuasion on this issue rests with petitioner. See Hurd v. Pittsburgh State Univ., 109 F.3d 1540, 1548 (10th Cir. 1997).

The trial court chose to believe the prosecutor's explanation for striking Ms. Williams. Although the record reflects that the three jurors petitioner claims were identical in circumstances to Ms. Williams all stated they were not married, none but Ms. Williams stated they were unmarried with children living at home. In addition, the prosecutor struck two white jurors with characteristics very similar to those of Ms. Williams--Ms. Porter, who was a senior in college and unmarried, with two young foster children living with her (Ms. Porter also testified that she had a Japanese student living with her) and Ms. Johnston, who was unmarried and had two children living with her.

As the Hernandez court stated:

> Deference to trial court findings on the issue of discriminatory intent makes particular sense in this context because, as we noted in Batson, the finding largely will turn on evaluation of credibility. In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province.

Hernandez, 500 U.S. at 365 (quotations and citation omitted).

On review of this habeas action, we presume the correctness of the state court's factual determinations unless they are not fairly supported by the record. See Johnson v. Gibson, 169 F.3d 1239, 1248 (10th Cir. 1999), petition for cert. filed (U.S. July 26, 1999) (No. 99-5964). Moreover, we are cautioned in Batson to review deferentially the ultimate factual finding that there was no intentional discrimination. See id. Here, the record adequately supports the state court's determination that petitioner failed to establish the requisite discriminatory intent by the prosecutor to satisfy Batson's requirements.

AFFIRMED. The mandate shall issue forthwith.


Entered for the Court


John C. Porfilio
Circuit Judge